IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KEINO JOHNSON  :
           *Plaintiff,*  :   **CIVIL ACTION**
                           :   **FILE No. 2:18-cv-00992-TJS**

         **v.**  :

PIETRO'S COAL OVEN PIZZERIA, INC.  :
         **and**
AUSTIN SOUTH STREET LIMITED  :
PARTNERSHIP
           *Defendants.*  :

# FILED

JUN 0 2 2018

By ___KATE BARKMAN, Clerk___
                     Dep. Clerk

## CONSENT JUDGMENT

AND NOW, this __29th__ day of June, 2018, this Court having reviewed the

Pleadings and the proposed agreement of the Defendants to make all readily achievable

modifications requested by the Plaintiff to bring the Property located at 121-23 South Street,

Philadelphia, Pa 19147 into compliance with the Americans with Disabilities Act, 42 U.S.C.

§12101 *et seq.*, and its Accessible Guidelines ("ADAAG"), it is Ordered and Decreed as follows:

    a.     Within 60 days after the date of this Order, Defendant Austin South Street

Partnership shall be required to make the following modifications to provide an access route to

the entrance of the Facility:

        1.     Defendants shall modify the access route in front of the accessible

entrance by providing a ramp to comply with section 405 of the 2010 ADAAG

Standards. The location of the new ramp should be located outside the maneuvering

clearance of the accessible entrance, which shall be flat.

        2.     If the cost of a permanent ramp and a clear and level maneuvering

clearance for the accessible entrance exceeds $5,000.00 or is technically infeasible, it

shall be deemed not Readily Achievable to have a level maneuvering clearance for the

accessible entrance. In the alternative to a permanent ramp, Defendants may be allowed

to use a portable ramp as long as the surface slope of the permanent ramp does not

exceed 1:10. As a readily achievable alternative, Defendants shall provide a door bell

outside the entrance within reach range of a disabled individual from the sidewalk with

an audible chime ringing inside the Facility. Below the doorbell Defendants shall post a

sign stating "Press to Enter" and have the International Symbol of Accessibility in the

sign. Defendant shall enforce a policy of having an employee bring a portable ramp to the

entrance and assist a disabled patron inside the unit when the door bell is pressed.

      b.     Within sixty (60) days after the date of this Order, Defendant Pietro's Coal Oven

Pizzeria shall be required to make the following interior modifications to the Facility:

      1.     5% of the total dining surfaces in the Facility shall be compliant with section 902

of the 2010 ADAAG standards. At least one table in the exterior seating area shall be

compliant with section 902 of the 2010 ADAAG standards.

      2.     Due to the steps leading to the restroom, it is agreed it is not readily achievable to

create a direct access route to the restroom inside the Facility. If there is an alternative

restroom within the parcel of the property that is on an accessible route and operated or

owned by any Defendant, and it is technically feasible to do so, Defendants shall post a

sign in a visible location containing the International Symbol of Accessibility and state in

the sign "Accessible Restroom Available Upon Request." Defendants shall enforce a

policy of guiding a disabled patron to the alternative restroom on the subject parcel. If

there is no such restroom available, it is agreed it is not readily achievable to provide an

accessible restroom and Defendants shall not be required to make any modifications to

the restrooms. The alternative restroom shall comply with sections 603, 604 and 606 of the 2010 ADAAG standards.

3.  It is agreed it is not readily achievable to modify the bar so it has a counter with heights in accordance with section 902.3 of the 2010 ADAAG Standards. As a readily achievable alternative, Defendant shall provide one (1) table within 15 feet of the bar that is fully compliant with section 902 of the 2010 ADAAG standards.

c.  Within 20 days of the date of this Order, Defendant Austin South Street Partnership shall pay One Thousand Eight Hundred Dollars ($1,800.00) to Eric Brauer, Counsel for Plaintiff representing $1,450.00 attorney's fees and $350 reimbursement of filing fees and costs incurred by Plaintiff Keino Johnson, and

d.  Within 20 days of the date of this Order, Defendant Pietro's Coal Oven Pizzeria, Inc. shall pay One Thousand Eight Hundred Dollars ($1,800.00) to Eric Brauer, Counsel for Plaintiff representing $1,450.00 attorney's fees and $350.00 reimbursement of filing fees and costs incurred by Plaintiff Keino Johnson.

e.  Subject to the completion of the above modifications, all other applicable ADAAG standards are deemed compliant or not readily achievable.

**By Consent:**
Austin South Street Limited Partnership

By: _____
Jonathan Cavalier, Esq.
Counsel for Defendant

**Agreed:**
Keino Johnson

By: _____

Pietro's Coal Oven Pizzeria, Inc

By: _____
Eric C. Milby, Esq.
Counsel for Defendant

4814-7095-8185, v. 1

**SO ORDERED:**
By the Court

TIMOTHY J. SAVAGE, J.